UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony T. Taylor #287163, | ) C/A No.  4:15-1894-HMH-TER |
| Petitioner, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Warden, Lee Correctional Institution, | ) |
| Respondents. | ) |

The petitioner, Anthony T. Taylor ("Petitioner"), a self-represented prisoner confined at Lee Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (2)(c) DSC. Having reviewed the petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**Background of this Case**[1]

On November 7, 2011, in the Court of General Sessions for Sumter County, the petitioner pled guilty to two counts of armed robbery (Indictment Nos. 2011-GS-43-464 and -465), and was sentenced to twenty-six years in prison. Petitioner indicates that no direct appeal was filed. (Pet. at p. 2). On November 9, 2012, the petitioner filed an application for post-conviction relief (Case No.

---

[1]See generally, http://publicindex.sccourts.org/Sumter/PublicIndex/PISearch.aspx (with search parameters limited by Petitioner's name). The court may take judicial notice of factual information located in postings on government websites. See *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

1

2012-CP-43-2188).[2]  The Court of Common Pleas dismissed the PCR application on January 21, 2014.[3]  According to the petitioner, the Supreme Court of South Carolina decided his case on November 7, 2014, and the remittitur was sent down on November 26, 2014.[4]

Since the petition in this case is untimely, the undersigned, in an order (Entry No. 11) filed in this case on August 4, 2015, directed the petitioner to respond to Special Interrogatories regarding the timeliness of Petitioner's petition. Due to a scrivener's error regarding the county in which Petitioner's convictions were entered, the Court's corrected Special Interrogatories were re-sent to Petition on September 14, 2015.  (Entry No. 15). The Court's Interrogatories included the following summary:

> The information on the face of the § 2254 Petition reveals several relevant facts. Petitioner seeks to vacate <u>Sumter</u>[5] County convictions entered on November 7, 2011. Petitioner indicates he did not file an appeal of the same, such that the convictions became final ten days later on November 17, 2011. Almost one full year later, Petitioner filed a PCR action on or about November 9, 2012 (Case No. 2012-CP-43-2188), which was dismissed on January 21, 2014. The remittitur from the South Carolina Supreme Court was issued on

---

[2]http://publicindex.sccourts.org/Sumter/PublicIndex/CaseDetails.aspx?County=43&CourtAgency=43002&Casenum=2012CP4302188&CaseType=V

[3]Petitioner indicates January 14, 2014, but this distinction does not alter the ultimate conclusion as to timeliness.

[4]http://publicindex.sccourts.org/Sumter/PublicIndex/CaseDetails.aspx?County=43&CourtAgency=43002&Casenum=2012CP4302188&CaseType=V

[5]A scrivener's error in the initial interrogatories indicated Petitioner's challenged convictions were from Pickens County, when in actuality they are from Sumter County. This drafting error was corrected and the Interrogatories were re-sent to Petitioner for a response.

November 26, 2014.[6] Petitioner filed his § 2254 Petition with this court on April 24, 2015. *See Houston v. Lack*, 487 U.S. 266, 271 (1988)(*pro se* prisoner's pleading is deemed filed at moment of delivery to prison authorities for forwarding to district court; the Lee prison post-office date stamp shows April 24, 2015). Pet., Attach. 1, ECF No. 1.

Petitioner was then granted twenty-one (21) days to file a factual explanation with this court to show cause why his Petition should not be dismissed based on the application of the one-year limitation period established by 28 U.S.C. § 2244(d). The petitioner has not responded to the September 14, 2015 Interrogatories, or offered any factual explanation for consideration by the Court regarding the timeliness of this Petition.[7]

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)

---

[6] http://publicindex.sccourts.org/Sumter/PublicIndex/CaseDetails.aspx?County=43&Courtgency=43002&Casenum=2012CP4302188&CaseType=V.

[7] The Court notes that Petitioner did respond to the initial interrogatories noting that his convictions were out of Sumter County and not Pickens County. He then states in a conclusory fashion that "the timeliness argument would have no bearing on my petition and respectfully asks that it be reconsidered." Doc. # 13. Again, the Interrogatories with the corrected county of conviction were re-sent, and no response was received.

(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[8] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

With respect to his convictions and sentences, the petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, which remedies can be sought only after the petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." *Beard v. Green*, 523 U.S. 371, 375 (1998) (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973); *Picard v. Connor*, 404 U.S. 270 (1971); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3rd Cir. 1986) (exhaustion required under § 2241).

---

[8]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Although the petitioner has exhausted his state court remedies, the petition in the above-captioned case is clearly untimely.

The "delivery" date of the instant petition is April 9, 2015. *Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court). The petition and court records show the following periods of untolled time:

-- November 17, 2011[9] (the date upon which the Petitioner's conviction became final) to November 9, 2012 (the approximate filing date for Petitioner's state PCR action)
-- November 26, 2014 (the date the was issued by the S.C. Supreme Court on Petitioner's appeal of the denial of his PCR action) to April 9, 2015 (the Houston v. Lack delivery date of the instant Petition.

Hence, the petitioner has at least fifteen months of untolled time. This aggregate time period exceeds the one-year statute of limitations required by the AEDPA's amendments to Title 28. 28 U.S.C. § 2244(d). Therefore, the present petition is time-barred and should be dismissed on that basis. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).[10] *See also Day v. McDonough*, 547 U.S. 198 (2006). *Cf. Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D. Va. 1989) (civil rights case: "A

---

[9]In calculating the first period of untolled time, the undersigned is excluding the ten-day period for filing a timely direct appeal. *I.e.*, the conviction did not become "final" until the period for filing a timely direct appeal expired.

[10]The petitioner's response (Letter re: Court's Special Interrogatories [Entry No. 13]) to the August 4, 2015 order, and his opportunity to respond to the corrected Interrogatories sent on September 14, 2015, plus his right to file objections to this Report and Recommendation **constitute the petitioner's opportunities to object to a dismissal of this petition based on the statute of limitations.** *Hill v. Braxton*, 277 F.3d at 707 (habeas case; timeliness may be raised *sua sponte* if evident from face of pleading, but petitioner must be given warning and opportunity to explain before dismissal). *Cf. Bilal v. North Carolina*, 287 Fed.Appx. 241, 2008 U.S. App. LEXIS 15458, 2008 WL 2787702 (4th Cir., July 18, 2008).

determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.").

## Recommendation

Accordingly, it is recommended that the § 2254 petition be dismissed *with prejudice and without requiring the respondent to file a return* because the petition is clearly untimely under the one-year limitations provision of the AEDPA, 28 U.S.C. § 2244(d). *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. The petitioner's attention is directed to the important notice on the next page.

October 30, 2015  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

## Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).